Kinkade, J.
 

 The parties will be referred to as they stood in the trial court. On December 6, 1924, the plaintiff, Avis Marsh, was in the employ of a Cincinnati company, which was operating its business under and pursuant to the provisions of the Workmen’s Compensation Law. The plaintiff claims that she sustained an injury, on the date mentioned, in the course of her employment. As soon as the claim came to the knowledge of her employer, the employer recognized its duty under Section 1465-99, General Code, to notify the Industrial Commission that such claim was being made by one of its employees, and accordingly on February 4,1925, the employer wrote a letter to the branch office of the Industrial Commission located in Cincinnati, giving a brief statement of the facts attending the injury as claimed, and asking that the commission thoroughly investigate the case. The manager of the branch office did investigate the claimed injury, and collected all facts obtainable with reference thereto,
 
 *496
 
 including medical evidence, and submitted this in the form of affidavits to the Industrial Commission. The Cincinnati branch office manager endeavored to get in touch with the claimant, and, although she promised numerous times to come to his office for an interview, she did not come to Ms office until May 16, 1925, when she came to the office and signed an affidavit stating the facts incident to the injury with some detail, but she at that time positively refused to sign an application to the commission for compen-. sation, although urged by the branch manager so to do.
 

 On June 15, 1925, the attorney of the claimant wrote a letter to the Industrial Commission, inclosing an affidavit of a nurse pertaining to this claimed injury, and in the same letter he informed the commission that he was leaving within a few days for Europe and would not return until October, and he asked the commission to defer all action upon the claim of the plaintiff until his return in October.
 

 On September 4, 1925, the commission addressed a letter to the plaintiff, calling her attention to the fact that she had not filed a written application with the commission for compensation, and asking her to file such application on form C-l, which the commission then inclosed to her for that purpose. The letter of the commission stated to the plaintiff that the commission could not take jurisdiction of her claim until such written application was so filed. The plaintiff filed no written application for compensation until December 21, 1925, at which time she did file such written application with the commission, and therein waived notice of time of hearing and also authorized the commission to pay bills for medi
 
 *497
 
 cal attention and other like'hills directly to the persons rendering such services. The record does not show that any oral claim was ever made by the plaintiff to the commission for compensation.
 

 The Industrial Commission thereafter considered the evidence in the case, and, at an oral hearing thereof, on April 15, 1926, the claim was denied, for the reason that plaintiff had not sustained an injury in the course of or arising out of her employment. No application for a rehearing was filed, but a petition was filed in the court of common pleas on April 23, 1926.
 

 Section 1465-44, General Code, authorizes the commission to adopt rules and regulations with respect to presentation of claims for compensation, and rule 3 of the commission reads as follows: “Printed forms of all notices, applications, proofs, certificates, etc., necessary for perfecting any claim before the commission, will be furnished free of charge by the commission. Such forms must be used in all cases. ”
 

 Section 1465-72a, General Code, reads as follows: “In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after the injury or death, application shall have been made to the Industrial Commission of Ohio or to the employer in the event such employer has elected to pay compensation direct.”
 

 The foregoing shows that the Legislature considered the filing of an application for compensation as a matter of substance and importance. As the claimant did not file any application for compensation until December, 1925, the law in effect at that time would govern the procedure.
 
 Industrial Commission
 
 v.
 
 Vail,
 
 110 Ohio St., 304, 143 N. E., 716.
 

 
 *498
 
 Section 1465-90, General Code, as amended in 111 Ohio Laws, 227, was in effect at that time, and provided that, before the court of common pleas could acquire jurisdiction on appeal from the Industrial Commission of a claim such as presented by the plaintiff, it must be shown that the commission had denied the claim and found that it had no jurisdiction, and that thereafter an application for rehearing was filed, and a hearing had upon the same, and the claim had again been denied. The provisions of this section of the General Code were not complied with, and it follows that the court of common pleas was without jurisdiction to hear the case on appeal. The court of common pleas found in favor of the plaintiff, and entered judgment in her favor for $14.60 per week for the period between December 6, 1924, and April 5, 1925. Upon error, the Court of Appeals affirmed the judgment of the court of common pleas, saying, as it did so, that an oral application for compensation was sufficient to constitute a pending case, citing
 
 W. S. Tyler Co.
 
 v.
 
 Rebic,
 
 118 Ohio St., 522, 161 N. E., 790. The difficulty with this proposition is that there was no evidence in the record showing that any oral application for compensation was ever made by the plaintiff. The Court of Appeals also stated that the hearing before the commission upon the claim was prior to the effective date of the amendment of Section 1465-90. This statement of the court is not borne out by the record. It seems entirely clear that this claim was not pending before the commission until December, 1925, and, that being true, Section 1465-90 made it absolutely necessary for the claimant to file an application for rehearing before proceeding with a case in the court of common pleas.
 

 
 *499
 
 The court of common pleas having no jurisdiction of the subject-matter, its judgment was a nullity, and the affirmance of the judgment by the Court of Appeals was erroneous, and therefore the judgments of the trial and appellate courts must be reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson, J ones, Matthias, Day and Allen, JJ., concur.