Hart, J.
 

 The first contention of the employer is that there was no application for an additional award' filed by the claimant with the commission within two years after the injury, as required by statute, and that as a result of such failure the commission had no jurisdiction or authority to make the award.
 

 The commission admits that no formal written claim for the additional award setting out the facts constituting the basis therefor was made or filed within the required two-year period, but claims that a sufficient informal claim for such an award was made within the statutory period and that, under the circumstances hereinafter mentioned, the statute was tolled or waived by the action or conduct of the commission.
 

 The record shows that the wife of the claimant, on August 13,1946, wrote a letter to the commission from Binersburg, Pennsylvania, the pertinent part of which is as follows:
 

 “Also please send as quickly as possible the proper forms based on additional award on account of violation of specific requirements as provided for in Article II, Section 35, Constitution of Ohio. An early reply will be appreciated. ’ ’
 

 On August 19, 1946, an employee of the commission wrote claimant’s wife a letter, which so far as pertinent is as follows:
 

 £ £ The item of violation of specific requirements will be considered at a later date, and you will be advised regarding same.”
 

 On September 9,1946, claimant’s wife wrote a letter to the commission, the pertinent part of which is as follows:
 

 
 *244
 
 “We also wrote for application blank for violation of specific" requirements. You said in your letter of August 19, 1946, that it would be considered at a later date. As yet we have heard nothing from you regarding this. I believe according to Ohio laws that this is our privilege and we should of [had] that application blank before the end of this month.”
 

 Subsequently, claimant’s wife, on September 20, 1946, wrote a letter to the commission, which pertinently is as follows:
 

 “In a recent letter mailed to the Industrial Commission of Ohio I requested that the proper forms be sent me in order that we may file for additional award on account of violation of specific requirements. Article 2, Section 35, Constitution of Ohio. To date they have not been received. If these are not received by us by return mail we will have our attorney take legal action against the Fruehauff Co. at once. We have asked twice before for these papers and have not received them. We are thru fooling around with this and now we intend to have some action. Time is being wasted and now we mean business. It is to your interest to see that we have these papers in our possession by return mail. I do not intend to let this go any longer. You have had time to have had these papers forwarded to us. Too much fooling around is being done and not enough of action. Please give this your immediate attention. ’ ’
 

 To this letter an employee of the commission, on September 26, 1946, wrote a letter, which in part is as follows:
 

 “Regarding the item of violation of specific requirement, same is being referred to our legal department for their attention and you will be advised at a later date regarding same.”
 

 On October 21, 1946, the following letter was sent to
 
 *245
 
 the claimant by a referee of the commission, which letter is as follows:
 

 “The Constitution of the state of Ohio provides that where an employee’s injury is caused by the employer’s violation of any specific safety requirement, he may receive an additional award of compensation ranging from 15 per cent to 50 per cent of the maximum weekly rate allowed by law.
 

 “Enclosed you will find duplicate applications, which should be filled out if you desire to file for such an additional award.
 

 “Your attention is called to question No. 6 which must be answered by stating the specific safety requirement or requirements which you allege were violated and the number of the bulletin of which they are a part. ■
 

 “The application should be returned to the undersigned who will furnish any additional information that you deem necessary upon request. ’ ’
 

 The crucial question presented is whether the letters of claimant’s wife to the commission, assuming that she was authorized to represent him, can be construed to constitute an application to the commission for an additional award on the ground that claimant’s employer violated a specific requirement resulting in claimant’s injury.
 

 Section 1465-44, General Code, provides:
 

 “The board [commission] shall adopt reasonable and proper rules to govern its procedure, regulate and provide for the kind and character of notices, and the services thereof, in cases of accident and injury to employees * * *, the forms of application of those claiming to be entitled to benefits or compensation therefrom # * * J ?
 

 Pursuant to the statute above quoted, the commission in 1946 adopted and placed in effect the following rules, which are still in force:
 

 
 *246
 
 “Rule 1. Au application for additional award of compensation based upon the claim that the injury, occupational disease or death resulted because of the failure of the employer to comply with a specific requirement for the protection of the health, lives or safety of employees, must be filed within two years after the date of such injury, occupational disease or death, in duplicate, on forms prescribed by the Industrial Commission, setting forth the facts which are the basis of the alleged violation, and the section or sections of the law or code of specific requirements applicable.
 

 “Rule 2. Upon the filing of an application for additional award, the employer shall be notified of the filing of such application by sending a copy thereof to the employer at his last known address by registered mail. Such notice shall advise the employer that, unless he makes answer on or before the time designated therein, the commission may assume that the allegations in said application are true and take appropriate action. Upon the filing of an answer, which shall be in duplicate, a copy thereof shall be mailed to the applicant.”
 

 These rules must be complied with. In the case of
 
 Industrial Commission
 
 v.
 
 Marsh,
 
 121 Ohio St., 494, 169 N. E., 569, this court held:
 

 “A claim for compensation for injuries sustained by an employee must be in writing and be filed with the commission in accord with the rules of the commission duly adopted with respect thereto, and the claim for compensation becomes a pending issue before the commission upon the filing with the commission of such written application.”
 

 It is clear that these rules were not complied with prior to the expiration of the statutory period within which a claim for additional award must be filed. The form of the application may not be important and the
 
 *247
 
 rule in respect thereto may be directory rather than mandatory, but in the correspondence above quoted there was clearly no “setting forth the facts which are the basis of the alleged violation, and the section or sections of the law or code of specific requirements applicable ’ ’; and the record discloses that no notice was given to the employer of the filing of any application based on these letters to the commission, and no copies of the letters went to the employer as required by rule 2 of the commission.
 

 In our opinion these requirements as to the filing of an application for an additional award and as to notice to the employer are jurisdictional, and the letters in question were insufficient to constitute an application for an additional award. In fact, the text of the correspondence between claimant’s wife and the employee of the commission clearly indicates that neither the writer of the letters to the commission nor the writer of the letters for the commission regarded or considered the letters as constituting any such application. The only application for such an award was filed on the forms furnished by the commission under date of November 25, 1946, more than 50 days after the time for filing under the statute had expired.
 

 There is some suggestion of the commission that the statute, under the circumstances, had been waived or tolled and as a result the claim was not barred. The limitation set forth in Section 1465-72<g General Code, is clear and unequivocal, and is as follows .-
 

 “In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after the injury or death, written application shall have been made to the Industrial Commission of Ohio *'
 

 As bearing upon the effect which must be given to this statute, the court, in the case of
 
 State, ex rel. Carr,
 
 
 *248
 
 v.
 
 Industrial Commission,
 
 130 Ohio St., 185, 198 N. E., 480, held:
 

 “A claimant’s lack of knowledge of facts giving rise to a right of action or a claim for compensation does not prevent the running of the statute or postpone the commencement of the period of limitation; and the statute is not tolled by the failure of an employer to disclose facts within his knowledge which would support a claim against him.”
 

 Judge Matthias, in the course of his opinion in that case, said:
 

 “The action under this provision is in no sense a modification of the previous award, but, on the contrary, is a new, separate and distinct award, application for which must be filed within the period limited by the statute. In the award made under Section 1465-82, General Code, negligence is not a factor. On the other hand, negligence — or rather, failure of the employer to comply with some specific lawful requirement — is the very basis of the additional award sought. The former is only for compensation; the latter is in the nature of a penalty upon the employer. The denial of an award under Section 1465-82, General Code, may be appealed from; but the determination by the commission of the question of the failure of the employer to comply with any specific requirement is final and can be challenged only upon the ground of abuse of discretion.
 

 “Another distinction between the ordinary award and the additional award authorized for violation of a specific requirement is that the former is paid out of the fund while the latter must be paid by the employer. It therefore amounts in a practical way to a claim against the employer, though the amount thereof is fixed and determined by the Industrial Commission.” See, also,
 
 State, ex rel. Hammond,
 
 v.
 
 Industrial Commission,
 
 144 Ohio St., 477, 59 N. E. (2d), 745.
 

 
 *249
 
 The inescapable conclusion must be that the claimant’s claim for additional award on the ground of the violation of a specific safety requirement is barred under Ihe two-year limitation of the statute.
 

 The employer makes further claim that the platform upon which or from which the claimant fell and suffered his injury did not constitute a “ladder” within the meaning of the statute, and that there was no evidence that claimant’s injuries were due to the absence of safety shoes on the platform or ladder in question; but, since the court has determined that the claim is barred by statute, it becomes unnecessary to consider those issues.
 

 The writ is allowed.
 

 Writ allowed.
 

 Weygandt, C. J., Matthias, Zimmerman, Stewart, Taet and E aught, JJ., concur.