[Cite as *State v. Skapik*, 2018-Ohio-2661.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-16 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-250 |
| | : | |
| DAVID P. SKAPIK | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of July, 2018.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

MISTY M. CONNORS, Atty. Reg. No. 0075457, 3451 Dayton-Xenia Road, P.O. Box 340246, Beavercreek, Ohio 45434
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, David Skapik, following a jury trial, was convicted of 10 felony offenses and 2 misdemeanor offenses. The trial court, after merging certain counts, sentenced Skapik to a 147-month prison term. Skapik appealed and we, in part, reversed his sentence. *State v. Skapik*, 2015-Ohio-4404, 42 N.E. 3d 790 (2d Dist.).

{¶ 2} Specifically, and pertinent to the current discussion, the trial court did not merge three theft counts (counts 3, 4, and 5) involving grand theft of two firearms (counts 3 and 4, 3rd degree felonies) and the theft of another item (count 5, a misdemeanor), with these items being taken from an off-duty deputy sheriff's vehicle. The trial court, additionally, did not merge two receiving stolen property counts (counts 10 and 11, 4th degree felonies) with these counts involving Skapik's disposal of the firearms taken from the deputy sheriff's vehicle. We reversed the trial court's failure to merge counts 3, 4, and 5 and counts 10 and 11, stating as follows:

The judgment of the Champaign County Common Pleas Court is affirmed in part and reversed in part. The judgment is reversed with respect to the trial court's failure to merge counts three, four, and five (involving theft of property stolen from the deputy sheriff's vehicle) as allied offenses for purposes of sentencing. The judgment also is reversed with respect to the trial court's failure to merge counts 10 and 11 (receiving stolen property involving disposal of the two firearms) as allied offenses for purposes of sentencing. The cause is remanded for the State to elect to proceed with sentencing on count three, count four, *or* count five, and on count 10 *or* count 11. In all other respects, the trial court's judgment is

affirmed.

(Emphasis sic.)   *Skapik* at ¶ 25.

{¶ 3} The trial court, following a delay caused by the State's attempt to obtain Ohio Supreme Court review, conducted a sentencing hearing on May 22, 2017.   The trial court, consistent with our mandate and the State's elections, merged counts 4 and 5 into count 3 and also merged count 10 into count 11.   The trial court, again consistent with our mandate, imposed the original sentences on the remaining counts.   Originally, the sentence on count 4 was a 30-month consecutive sentence and the sentence on count 11 was an 18-month consecutive sentence.   Thus, Skapik's sentence was reduced by 48 months, reducing his aggregate sentence from 147 months to 99 months.   Because count 5 involved a concurrent sentence, its merger did not affect the aggregate sentence. The trial court, on May 22, 2017, filed a sentencing entry and order confirming that which occurred at the sentencing hearing.   This appeal followed.

{¶ 4} We appointed appellate counsel.   Appellate counsel, on September 26, 2017, filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) stating she was unable to identify any "appealable issues." Appellate counsel, consistent with her duty under *Anders*, identified the following as a possible assignment of error:

THE RECORD DOES NOT SUPPORT THE [TRIAL] COURT'S FINDINGS

UNDER R.C. § § 2929.13(B) AND 2929.11 OR THE SENTENCE IS

OTHERWISE CONTRARY TO LAW.

Counsel, in the concluding section of the brief, requests permission to withdraw as appellate counsel.

{¶ 5} We, in an order filed on October 13, informed Skapik of the *Anders* filing and that he had a right to file a pro se brief within 60 days of October 13. Thereafter, at Skapik's request, we extended the time for filing a pro se brief until March 1, 2018 and then until April 24, 2018. Skapik has not filed a pro se brief.

{¶ 6} A trial court, following a remand for re-sentencing based upon a failure to merge counts, must conduct a sentencing hearing concerning the counts which remain after the State's merger elections. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 95 N.E.2d 381, at ¶ 15. However, though a new sentencing hearing is required, the "guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review." (Citation omitted) *Id.* "Further, only the sentences that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected * * * are not vacated and are not subject to review." (Citation omitted). *Id.*, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at paragraph three of the syllabus. Therefore, the counts subject to de novo review in this case are counts 3 and 11.

{¶ 7} With the above in mind, we turn our consideration to whether there are any non-frivolous appellate issues. First, we will consider appellate counsel's suggestion that we review whether there is a non-frivolous appellate argument that the trial court's sentence is not supported by the R.C. 2929.11 and, R.C. 2929.12 findings made by the trial court or that Skapik's sentence is otherwise contrary to law.

{¶ 8} A trial court has full authority to impose any authorized sentence, and the sentencing court is not required to articulate its findings or set forth its reasoning for imposing a particular sentence. *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45

(2d Dist.). However, the sentencing court must consider the R.C. 2929.11 and 2929.12 sentencing factors. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

**{¶ 9}** Felony sentences are reviewed in accordance with R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Based upon the plain language of R.C. 2953.08(G)(2) "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but whether [the appellate court] clearly and convincingly find[s] that the record fails to support the trial court's findings." *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 17.

**{¶ 10}** Turning to counts 3 and 11 and consistent with the indicated deferential standard of review, there is no arguably meritorious appellate argument that the trial court, when imposing the count 3 and 11 sentences, did not consider R.C. 2929.11 (overriding purposes of felony sentences) and R.C. 2929.12 (sentencing factors). The trial court, at the sentencing hearing, thoroughly articulated its R.C. 2929.11 and 2929.12 findings, and these findings were incorporated into a comprehensive sentencing entry and order. There is no worthy appellate argument that we could determine by clear and convincing evidence that these findings are not supported by the record. Finally, the count 3 and 11 sentences are within the statutory range and any argument that the sentences are

otherwise contrary to law would be frivolous.

{¶ 11} Turning to counsel's reference to R.C. 2929.13(B), this provision sets forth the legislative mandate that in particular circumstances a defendant who is convicted of a non-violent 4th or 5th degree felony must be sentenced to a term of community control sanctions (CCS). This sentencing requirement, among other exceptions, is not applicable when, as here, the defendant, in addition to 5th and/or 4th degree felonies, is also being sentenced on higher degree felonies. R.C. 2929.13(B)(1)(a)(ii). Therefore, any argument that the trial court had to sentence Skapik to CCS on count 11, a 4th degree felony, would be frivolous.

{¶ 12} We have, additionally, considered whether there is a potentially worthy appellate argument that the trial court erred by imposing a consecutive sentence regarding count 11.[1] A trial court, in order to impose a consecutive sentence that is not mandatory or agreed upon, must make the findings required by R.C. 2929.14(C)(4). *State v. Brewer*, 2017-Ohio-119, 80 N.E.3d 1257 (2d Dist.). Appellate review of a consecutive sentence is also governed by R.C. 2953.08(G)(2). *Id.* Therefore, an appellate court may modify or vacate a consecutive sentence if it clearly and convincingly finds that the record does not support the trial court's R.C. 2929.14(C)(4) findings or that the consecutive sentence is otherwise contrary to law. *Id.* at ¶ 10.

{¶ 13} The trial court, turning to count 11, made the R.C. 2929.14(C)(4) findings at the sentencing hearing, and these findings were incorporated into the trial court's sentencing entry and order. Furthermore, based upon the record, there is not a

---

[1] This discussion is not relevant to count 3, grand theft of a firearm, because, under R.C. 2913.02(B)(4), any sentence imposed for this offense has to be consecutive to any other prison term.

potentially meritorious appellate argument that the count 11 consecutive sentence is clearly and convincingly not supported by the record or that the sentence is otherwise contrary to law.

{¶ 14} In addition to the issues already discussed, we have, consistent with our duty under *Anders*, reviewed the entire record. This review has not revealed any non-frivolous appellate issues.

{¶ 15} We have found no non-frivolous issues for appellate review. Counsel's motion to withdraw is granted. Accordingly, the judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies mailed to:

Kevin Talebi
Misty M. Connors
David P. Skapik
Hon. Nick A. Selvaggio