[Cite as *State v. Johnson*, 2018-Ohio-4232.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-9 |
| | : | |
| v. | : | Trial Court Case Nos. 2016-CR-489 |
| | : | 2017-CR-589 |
| ELIJIAH JOHNSON | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of October, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

BRYAN K. PENICK, Atty. Reg. No. 0071489 and PATRICK E. O'SHAUGHNESSY, Atty. Reg. No. 0084777,   1900 Kettering Tower, 40 N. Main Street, Dayton, Ohio 45423
      Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the January 12, 2018 Notices of Appeal of Elijiah Johnson. Johnson appeals from his December 14, 2017 judgment entries of conviction, issued following pleas of guilty in two cases in the Clark County Court of Common Pleas. In Case No. 2017-CR-589, Johnson pled guilty to one count of possession of cocaine, in violation of R.C. 2925.11(A), as set forth in count two of the indictment, and one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B) and (C)(5), as set forth in count three of the indictment.[1] In exchange for his pleas, one count of trafficking in cocaine was dismissed. In Case No. 2016-CR-489, Johnson pled guilty to one count of possession of heroin, in violation of R.C. 2925.11(A), as set forth in count four of the indictment. In exchange for his plea, count three of the indictment, possession of cocaine, was dismissed. Counts one and two of the indictment applied only to a co-defendant. The court sentenced Johnson to three years for failure to comply with an order or signal of a police officer, and to one year each for possession of cocaine and possession of heroin. The sentences for possession were to be served concurrently. The court found that, pursuant to R.C. 2921.331(D), the sentence for failure to comply must be served consecutively to the other sentences, for an aggregate term of four years. We hereby affirm the judgment of the trial court.

{¶ 2} Johnson was indicted on October 12, 2017, in Case No. 2017-CR-589, and

---

[1] Johnson's indictment provided in part that the operation of his vehicle "caused a substantial risk of serious physical harm to persons or property," and the offense was accordingly charged as a third degree felony pursuant to R.C. 2921.331(C)(5)(a)(ii). We note that at his plea hearing, the prosecutor indicated to the court that at the time of the offense, Johnson was "driving erratically as he was passing vehicle [sic], running stop signs at 40 miles per hour, and causing a substantial risk of serious physical harm to persons and property."

on October 3, 2016, in Case No. 2016-CR-489.   He entered his guilty pleas in both cases on November 21, 2017.   At the plea hearing, the following exchange occurred:

THE COURT: The possession of heroin offense is a felony of the fourth degree.   The sentencing range for that offense is anywhere from probation up to and including a maximum penalty of eighteen months in the Ohio State Penitentiary and a $5,000 fine.

The possession of cocaine offense is a felony of the fifth degree. The sentencing range for that offense is anywhere from probation up to and including a maximum penalty of one year in the Ohio State Penitentiary and a $2,500 fine.

There is also the possibility on each of those possession cases that you could receive a driver's license suspension of anywhere from six months up to five years.

The failure to comply offense is a felony of the third degree.   The sentencing range for that offense is anywhere from probation up to and including a maximum sentence of three years in the Ohio State Penitentiary, a $10,000 fine and a lifetime driver's license suspension.

Do you understand that these are the sentencing ranges for these three offenses?

THE DEFENDANT:   Yes, sir.

THE COURT: If you were sentenced to prison, it would be mandatory that the prison sentence for the failure to comply be run consecutively to the sentence on the other two offenses.   Do you understand that?

THE DEFENDANT: Yes, sir.

**{¶ 3}** At sentencing, the court indicated as follows:

THE COURT: The Court finds the defendant was adjudicated delinquent for robbery, a felony of the second degree, back in 2013, and aggravated riot, a felony of the third degree in 2013.

He was given a sentence at DYS that was suspended and he was placed on probation; and then approximately a year later in 2014 the defendant violated his probation and the Court imposed the DYS sentence.

The Court would note for the record that of these three offenses, the most serious is a felony of the third degree and because of that, the mandatory community control provisions with respect to the fourth and fifth degree felonies, the felony possession offenses, is inapplicable.[2]

In case #16-CR-489, possession of heroin, a felony of the fourth degree, I think it should be noted for the record that the defendant was in a vehicle that got pulled over with a total of four occupants; and when that vehicle was searched, a semi-automatic handgun was found and while that weapon cannot be attributed to the defendant beyond a reasonable doubt, it could have been possessed by anyone or all or some combination of the four occupants.

The Court is still taking that into consideration that there was a

---

[2] R.C. 2929.13(B)(1)(a)(ii) provides in part that "if an offender * * * pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction * * * if" the "most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree."

firearm in that vehicle at the time of the offense.

{¶ 4} Johnson's presentence investigation report ("PSI") reflects that his Ohio Risk Assessment System score was high. Johnson's version of events as reflected in the PSI was as follows:

The defendant relayed the following concerning the instant offense: "I was driving and the police got behind me. I was a little drunk so I fled in the car, then hopped out on foot. I got away and ended up passing out at a friend's house. When I woke up I felt bad but didn't want to turn myself in so I ran until they finally caught up with me."

When questioned regarding case 16 CR 489B, the defendant relayed that he thought he had purchased ecstasy but later found that it was actually heroin and cocaine. He reported he was involved in a traffic stop in a car he was not the driver of and during the pat down they found the drugs on him. He reported that after he was charged with this offense he moved to Florida for approximately one year in an attempt to avoid consequences for his case.

The defendant reported he was finally served with arrest warrants for both cases in September at his mother's house.

{¶ 5} Each of Johnson's judgment entries of conviction provides that the court "considered the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." Johnson's judgment entry of conviction in Case No. 2017-CR-589 provides

that the sentence for failure to comply with an order or signal of a police officer "must run consecutively to any other prison term imposed upon" Johnson, pursuant to R.C. 2929.331(D).

{¶ 6} Johnson asserts two assignments of error herein, which we will consider together. They are as follows:

THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO CONSECUTIVE PRISON TERMS

THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO MAXIMUM PRISON TERMS.

{¶ 7} Johnson asserts that the trial court did not set forth any R.C. 2929.14(C)(4) analysis on the record during Johnson's disposition, but imposed a consecutive sentence nonetheless. "Further, the Trial Court imposed the maximum terms allowable for the possession of cocaine and failure to comply offenses."

{¶ 8} As this Court has previously noted:

A trial court has full authority to impose any authorized sentence, and the sentencing court is not required to articulate its findings or set forth its reasons for imposing a particular sentence. *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, the sentencing court must consider the R.C. 2929.11 and 2929.12 sentencing factors. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

Felony sentences are reviewed in accordance with R.C.

2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 516. Based upon the plain language of R.C. 2953.08(G)(2) "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but whether [the appellate court] clearly and convincingly find[s] that the record fails to support the trial court's findings. *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Oho-217, ¶ 17.

*State v. Skapik*, 2d Dist. Champaign No. 2017-CA-16, 2018-Ohio-2661, ¶ 8-9.

**{¶ 9}** R.C. 2929.14(C)(4), to which Johnson directs our attention, provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised

Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 10} The court did not impose consecutive sentences pursuant to R.C. 2929.14(C)(4), but rather did so pursuant to R.C. 2921.331(D), the failure to comply statute, which provides: "If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." *See State v. Back*, 2d Dist. Clark No. 2013-CA-62, 2014-Ohio-1656, ¶ 12 (holding that because consecutive sentences were mandatory when appellant was convicted for failure to comply and sentenced pursuant to R.C. 2921.331(C)(4), the trial court was not required to make the consecutive sentencing findings in R.C. 2929.14(C)(4)). Johnson's first assignment of error lacks merit, and it is overruled.

{¶ 11} Johnson's sentences for possession of cocaine, possession of heroin, and failure to comply with an order or signal of a police officer were within the statutory ranges set forth in R.C. 2929.14(A). " 'The trial court has full discretion to impose any sentence

within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum * * * sentences.' *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.)." *State v. Ferguson*, 2017-Ohio-7930, 98 N.E.3d 987, ¶ 77 (2d Dist.).

{¶ 12} Finally, the court indicated that it considered the principles and factors in R.C. 2929.11 and 2929.12. As this Court has previously noted:

R.C. 2929.11 requires trial courts to be guided by the overriding principles of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

R.C. 2929.12(B) sets forth nine factors indicating an offender's conduct is more serious than conduct normally constituting the offense; R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct

is less serious. R.C. 2929.12(D) and (E) each list five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record and "whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses."

*State v. Ray*, 2d Dist. Champaign No. 2017-CA-33, 2018-Ohio-3293, ¶ 12-13.

**{¶ 13}** Upon review of the record, Johnson's sentence is neither contrary to law nor clearly and convincingly unsupported by the record. As noted above, Johnson had two additional charges against him dismissed pursuant to the plea agreement. In the course of committing the offenses, Johnson drove erratically, running stop signs, causing a substantial risk of serious physical harm to persons and property, and he acknowledged that he was "a little drunk" at the time. His record includes an adjudication of delinquency for robbery and aggravated riot resulting in a DYS commitment. Johnson's second assignment of error is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . .

WELBAUM, P. J., concurs.

HALL, J., concurring:

**{¶ 14}** I agree with my colleagues that the consecutive sentences in this case should be affirmed. So that my silence will not be construed as acquiescence, I continue

to note my belief that there must be some *evidence* in the record contrary to the sentence, rather than a clear and convincing failure to support the sentence as stated in the majority opinion. The difference is my interpretation is in the negative and the other requires some affirmative information to support consecutive sentences.

**{¶ 15}** In my opinion that I have previously repeated, "my interpretation of *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, allows a sentence to be vacated or modified 'only if the appellate court finds by clear and convincing *evidence* that the record does not support the sentence.' " (Emphasis added.) *Id.* at ¶ 23.

* * * I believe the *Marcum* quote is in the negative. If the record does not contain evidence from which we can determine that the sentence is clearly wrong, then it stands, and we are without authority to adjust it. The majority's quote puts the burden on the State or the court, incorrectly in my view, to insure there is information in the record to justify the sentence. This distinction is particularly important with regard to sentencing following a plea where the record often is sparse, perhaps even where the defense, or the court, dispenses with a PSI report.

I previously have written that "even a record that is largely silent is not clearly and convincingly contrary to a trial court's consecutive-sentencing determination unless there is substantial affirmative factual information in support of the defendant to conclude that the trial court is clearly wrong.

*State v. Cochran*, 2d Dist. Champaign No. 2016-CA-11, 2017-Ohio-983, ¶ 19-20 (Hall, P.J., concurring), citing *State v. Kay*, 2d Dist. Montgomery No. 26344, 2015-Ohio-4403, ¶ 27 (Hall, J., dissenting); *State v. Cencebaugh*, 2d. Dist., Montgomery No. 27665, 2018-Ohio-2216, ¶ 15-16 (Hall, J., concurring).

**{¶ 16}** I still adhere to the belief that the negative iteration is the correct formulation of the issue. Nevertheless, in this case, the consecutive sentences are supported by either formulation of the applicable clear and convincing standard so I concur.

Copies sent to:

Andrew P. Pickering
Bryan K. Penick
Patrick E. O'Shaughnessy
Hon. Douglas M. Rastatter