[Cite as *State v. Wiley*, 2018-Ohio-4767.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2018-CA-23, |
| | : | 2018-CA-24 |
| v. | : | |
| | : | Trial Court Case Nos. 2016-CR-0535, |
| CHARLES DEAN WILEY | : | 2017-CR-0690 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of November, 2018.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

CHRISTOPHER B. EPLEY, Atty. Reg. No. 0070981, 10 W. Second Street, Suite 2400, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Charles Dean Wiley appeals his conviction and sentence for two counts of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B) and (C)(5), both felonies of the third degree. Wiley filed a

timely notice of appeal with this Court on February 12, 2018.

## Case No. 16-CR-0535

{¶ 2} On October 18, 2016, a Clark County deputy sheriff was patrolling the area in and around Medway, Bethel Township, Ohio, when he observed Wiley sitting outside a house on Stratmore Street. Upon verifying that Wiley had two active warrants for his arrest, the deputy turned his cruiser around in order to arrest him, whereupon Wiley got on a motorcycle and left the scene. The deputy activated his cruiser lights and siren and attempted to initiate a traffic stop.

{¶ 3} The record establishes that Wiley fled west on Gerlaugh Road, reaching speeds in excess of 100 miles per hour. As Wiley attempted to turn off Gerlaugh Road onto State Route 235, he ran a red light and crashed into a pickup truck. After being thrown from the motorcycle, Wiley attempted to flee on foot but was apprehended. Wiley was placed under arrest and taken to Miami Valley Hospital for treatment, where he again tried to flee on foot. Wiley's second attempt was also unsuccessful, and he was apprehended.

{¶ 4} Shortly thereafter, in Case No. 16-CR-0535, Wiley was indicted for one count of failure to comply with the order or signal of a police officer. At his arraignment on December 15, 2016, Wiley pled not guilty to the charge, and he was released on his own recognizance. We note that Wiley failed to appear for a court hearing in Case No. 16-CR-0535 in July 2017. This resulted in a separate indictment for failure to appear in Case No. 17-CR-0131.

## Case No. 17-CR-0690

{¶ 5} On October 29, 2017, at approximately 12:30 a.m., a different Clark County

deputy sheriff was on patrol in Bethel Township when he observed Wiley driving a pickup truck with no visible front license plate. When the deputy attempted to initiate a traffic stop, Wiley fled down Lake Road and made several turns onto residential streets, driving through at least two stops signs without braking. Eventually, Wiley turned onto Gerlaugh Road heading west.

{¶ 6} From Gerlaugh Road, Wiley turned onto State Route 235 traveling south. From there, Wiley reached Interstate 70, traveling westbound. The deputy observed Wiley driving at speeds of up to 90 miles per hour while swerving in and out of traffic. At one point, Wiley exited the interstate at State Route 201, ran a red light, and then reentered I-70 westbound driving at speeds between 70 and 90 miles per hour. Upon reaching the exit for Interstate 75, Wiley began traveling northbound.

{¶ 7} At the intersection of I-75 and State Route 571, Wiley exited and turned left, running another red light in the process. At that point, Wiley turned left and attempted to drive onto the ramp for southbound I-75. However, Wiley lost control of the vehicle, crashed through a fence, and ended up in a field. Wiley attempted to flee on foot but was apprehended and arrested shortly thereafter. On November 6, 2017, Wiley was indicted for one count of failure to comply with the order or signal of a police officer in Case No. 17-CR-0690.

{¶ 8} On January 9, 2018, Wiley pled guilty to two counts of failure to comply with the order or signal of a police officer as contained in Case Nos. 16-CR-0535 and 17-CR-0690. In return for his pleas, the State agreed to dismiss two other indictments against Wiley in Case Nos. 17-CR-0131 and 17-CR-0691. The trial court accepted Wiley's guilty pleas and ordered the adult probation department to prepare a presentence investigation

report (PSI).

{¶ 9} On January 31, 2018, the trial court sentenced Wiley to 30 months in prison on each count of failure to comply with the order or signal of a police officer. The trial court ordered the sentences to be served consecutively, for an aggregate sentence of 60 months in prison. Lastly, the trial court ordered Wiley to pay $250.00 in restitution and suspended his driving privileges for ten years.

{¶ 10} It is from this judgment that Wiley now appeals.[1]

{¶ 11} Wiley's sole assignment of error is as follows:

THE JUDGMENT OF THE TRIAL COURT SHOULD BE REVERSED BECAUSE THE RECORD DOES NOT CLEARLY AND CONVINCINGLY SUPPORT APPELLANT'S SENTENCE.

{¶ 12} In his sole assignment, Wiley contends that the trial court erred when it imposed consecutive sentences in the instant case.

{¶ 13} Initially, we note that the trial court made the findings required by R.C. 2929.14(C)(4) to impose consecutive sentences. Nevertheless, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the

---

[1] We issued an order on March 2, 2018, consolidating Wiley's appeals in Case Nos. 16-CR-0535 and 17-CR-0690.

seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 14}** The trial court must both make the statutory findings required for consecutive sentences at the sentencing hearing and incorporate those findings into its sentencing journal entry. *Bonnell* at syllabus. To make the requisite "findings" under the statute, " 'the [trial] court must note that it engaged in the analysis "and that it has considered" the statutory criteria and specifie[d] which of the given bases warrants its decision.' " *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). A trial court need not give a "talismanic incantation of the words of the statute" when imposing consecutive sentences, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Id.* at ¶ 37; *see also*

*State v. Thomas*, 8th Dist. Cuyahoga No. 102976, 2016-Ohio-1221, ¶ 16 ("the trial court's failure to employ the exact wording of the statute does not mean that the appropriate analysis is not otherwise reflected in the transcript or that the necessary finding has not been satisfied").

{¶ 15} With respect to the imposition of consecutive sentences, the trial court made the following findings at the sentencing hearing:

*** As to case 17-CR-0690, it's the order of the Court the Defendant be sentenced to 30 months in the Ohio Department of Rehabilitation and Corrections at an institution to be determined by the Defendant [sic].

It's further ordered that this sentence be served consecutively to the sentence in 16-CR-0535. The Court finds consecutive service is necessary to protect the public from future crime and to punish the Defendant and that consecutive sentences are not disproportionate to the sentence of the – excuse me, seriousness of the Defendant's conduct and to the danger that he poses to the public.

The Court also finds the Defendant committed one or more multiple offenses while awaiting trial or sentencing and his history of criminal conduct demonstrates consecutive sentence [sic] is necessary to protect the public from future crime by the Defendant. ***

{¶ 16} In the instant case, the trial court articulated the findings required by R.C. 2929.14(C)(4) in order to impose consecutive sentences, namely that consecutive sentences were necessary to protect the public and punish Wiley, were not disproportionate to the seriousness of his conduct, and that he committed one or more of

the multiple offenses while he was awaiting trial for a prior offense. The trial court based its findings upon the fact that Wiley was awaiting trial in Case No. 16-CR-0535 when he committed the offense resulting in Case No. 17-CR-0690. Furthermore, Wiley's PSI indicated a lengthy juvenile record, as well as an adult criminal record detailing crimes committed in three counties in Florida and at least two counties in Ohio. Specifically, Wiley's adult record contained several felonies and probation violations, unpaid fines and costs, and at least five prior convictions for driving with a revoked or suspended driver's license. The trial court also found that Wiley exhibited no genuine remorse for his offenses. Accordingly, on the record before us, we cannot conclude that the record clearly and convincingly fails to support the trial court's consecutive sentence findings.

{¶ 17} Wiley's sole assignment of error is overruled.

{¶ 18} Wiley's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J., concurs.

Hall, J., concurring:

{¶ 19} I agree that the trial court made the findings to impose consecutive sentences and that the record does not clearly and convincingly contain evidence to the contrary.

{¶ 20} In this instance, though, those findings were not necessary. Wiley pled guilty to failure to comply in two separate cases, each third degree felonies, which means they were violations of R.C. 2921.331(B) and (C)(5). When a court imposes a prison sentence for these violations, R.C. 2921.331(D) statutorily requires that the sentences be imposed

consecutively. The trial court is not required to make the consecutive sentencing findings in R.C. 2929.14(C)(4) when consecutive sentences are mandated by R .C. 2921.331(D). *State v. Johnson*, 2d Dist. Clark No. 2018-CA-9, 2018-Ohio-4232, ¶ 10; *State v. Back*, 2d Dist. Clark No. 2013-CA-62, 2014-Ohio-1656, ¶ 12.

Copies sent to:

Andrew P. Pickering
Christopher B. Epley
Hon. Richard J. O'Neill