[Cite as *State v. Irwin-Debraux*, 2019-Ohio-5013.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28309 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-3580 |
| | : | |
| ALYSSA IRWIN-DEBRAUX | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of December, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

MATTHEW M. SUELLENTROP, Atty. Reg. No. 0089655, 6 North Main Street, Suite 400, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Alyssa Irwin-Debraux, appeals from her convictions for one count of grand theft of a motor vehicle, a fourth-degree felony pursuant to R.C. 2913.02(A)(1) and (B)(5); one count of involuntary manslaughter, a first-degree felony pursuant to R.C. 2903.04(A) and (C); and one count of failure to comply with an order or a signal of a police officer, a third-degree felony pursuant to R.C. 2921.331(B) and (C)(5)(a). Raising two assignments of error, Irwin-Debraux argues that her sentences should be vacated because the trial court ordered her to serve three terms in prison consecutively without fulfilling the requirements of R.C. 2929.14(C)(4); because the court failed to consider the purposes and principles of sentencing; and because the aggregate term of imprisonment imposed by the court constitutes cruel and unusual punishment.

{¶ 2} We find that the trial court erred by ordering Irwin-Debraux to serve terms in prison for grand theft of a motor vehicle and involuntary manslaughter in the absence of the findings required by R.C. 2929.14(C)(4), but otherwise, we find that her arguments lack merit. Therefore, the case is remanded to the trial court for resentencing consistent with this opinion. In all other respects, Irwin-Debraux's convictions are affirmed.

## I. Facts and Procedural History

{¶ 3} On September 11, 2018, Irwin-Debraux stole a 2009 Jeep Patriot and fled from the ensuing police pursuit. In her attempt to evade capture, she drove the vehicle at speeds ranging from 65 to 80 m.p.h. along State Route 741, at times crossing into the opposing lanes of traffic.

{¶ 4} A motorist attempting to avoid a head-on collision with Irwin-Debraux instead collided with a vehicle being driven by Mary Taulbee. Taulbee's vehicle spun through

an intersection and was struck by a police cruiser involved in the pursuit of Irwin-Debraux. Mary Taulbee died from the injuries she suffered. The officer, too, was injured, though he survived.

{¶ 5} After the accident, Irwin-Debraux tested positive for the consumption of several illicit substances. She was 18 years of age at the time.

{¶ 6} On September 24, 2018, a Montgomery County grand jury indicted Irwin-Debraux on one count of grand theft of a motor vehicle. By way of a bill of information filed on December 20, 2018, she was charged with one count of failure to comply with an order or a signal of a police officer and one count of involuntary manslaughter; on the same date, she pleaded guilty as charged on all counts.

{¶ 7} The trial court held a sentencing hearing on February 7, 2019, and on February 8, 2019, it filed a corresponding judgment entry of conviction. Irwin-Debraux timely filed her notice of appeal to this court on February 25, 2019.

## II. Analysis

{¶ 8} For her first assignment of error, Irwin-Debraux contends that:

THE TRIAL COURT ERRED IN NOT MAKING THE REQUISITE FINDINGS PURSUANT TO R.C. §2929.14(C)[.]

{¶ 9} Irwin-Debraux argues that the trial court erred by ordering that she serve her sentences consecutively, because the court did not comply with the requirements of R.C. 2929.14(C)(4). Appellant's Brief 4-5. As the State concedes, Irwin-Debraux's argument has merit. *See* Appellee's Brief 4-5.

{¶ 10} Under R.C. 2929.14(C)(4), where a defendant is convicted of more than one offense and is sentenced to a term of imprisonment for each of the offenses, the

sentencing "court <u>may</u> require [that the] offender * * * serve the * * * terms consecutively," if the court finds that: (1) "consecutive service is necessary [either] to protect the public from future crime" or "to punish the offender" sufficiently; (2) consecutive service would not be "disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of the additional conditions listed in R.C. 2929.14(C)(4)(a)-(c) is applicable. (Emphasis added.) The "presumption in favor of concurrent sentences [pursuant to] R.C. 2929.41(A)" applies in the absence of the foregoing findings or a statutory mandate. *See, e.g.*, R.C. 2913.02(B)(4) and 2929.14(B)(2)(b)-(d); *State v. Withrow*, 2d Dist. Clark No. 2015-CA-24, 2016-Ohio-2884, ¶ 29.

{¶ 11} One such statutory mandate is set forth in R.C. 2921.331. Under R.C. 2921.331(D), if "an offender is sentenced pursuant to [R.C. 2921.331](C)(4) or (5) * * * for a violation of [R.C. 2921.331](B) * * *," and if the sentence includes "a prison term for [the] violation, [then] the offender shall serve [that] term consecutively to any other prison term or mandatory prison term imposed upon the offender." Irwin-Debraux pleaded guilty to a violation of R.C. 2921.331(B), for which the trial court sentenced her to a term in prison of 18 months pursuant to R.C. 2921.331(C)(5)(a)(i)-(ii). *See* Bill of Information 1, Dec. 20, 2018; Transcript of Proceedings 8:19-10:17, 11:21-11:25 and 14:14-16:14, Feb. 7, 2019; Termination Entry 1, Feb. 8, 2019. R.C. 2921.331(D) thus obligated the court to order, as it did, that Irwin-Debraux serve her sentence for violating R.C. 2921.331(B) consecutively to her sentences for involuntary manslaughter and grand theft of a motor vehicle. Termination Entry 1.

{¶ 12} Nevertheless, the consecutive service requirement in R.C. 2921.331(D)

applied only to Irwin-Debraux's sentence for failure to comply with an order or a signal of a police officer. *See State v. Johnson*, 2d Dist. Clark No. 2018-CA-9, 2018-Ohio-4232, ¶ 1. The statute did not invest the trial court with the authority to require consecutive service of Irwin-Debraux's sentences for involuntary manslaughter and grand theft, and the court lacked the discretion to order as much because it did not comply with R.C. 2929.14(C)(4).

{¶ 13} Irwin-Debraux's first assignment of error is sustained. The case is remanded to the trial court for resentencing consistent with this opinion.

{¶ 14} For her second assignment of error, Irwin-Debraux contends that:

THE SENTENCE [sic] IMPOSED IS CONTRARY TO LAW[.]

{¶ 15} Here, Irwin-Debraux argues that her sentences are contrary to law in two respects. *See* Appellant's Brief 5-7. First, she claims that the trial court did not consider "the third principle of felony sentencing" under R.C. 2929.11(A), which is the "rehabilitat[ion] [of] the offender." *Id.* at 6. Second, she faults the court for imposing sentences that are "excessively harsh to the point of being cruel and unusual punishment." *Id.* at 11. These arguments lack merit.

{¶ 16} A "trial court has full discretion to impose any sentence within the authorized statutory range, and [it] is not required to make any findings or [to] give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Even so, the "court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." *Id.,* citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37.

{¶ 17} Under R.C. 2929.11(A), a "court that sentences an offender for a felony shall be guided" by the "overriding purposes" of punishing the offender and "protect[ing] the public from future crime by the offender and others," while using "the minimum sanctions that [it] determines [likely to] accomplish [these] purposes without * * * unnecessar[ily] burden[ing] * * * state or local government resources."  Accordingly, the court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution."  *See id.* R.C. 2929.11(B) adds that a felony sentence "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon [any] victim[s], and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 18} Pursuant to R.C. 2929.12(A), in "exercising [its] discretion" to determine "the most effective way to comply with the purposes and principles of sentencing set forth in [R.C.] 2929.11," a court must consider, among other things, a list of nine factors "indicating that [an] offender's conduct [was] more serious than conduct normally constituting" the offense or offenses for which the offender was convicted; a list of four factors "indicating that the offender's conduct [was] less serious than conduct normally constituting the offense [or offenses]"; a list of five factors "indicating that the offender is likely to commit future crimes"; and another list of five factors "indicating that the offender is not likely to commit future crimes."  The court "may [also] consider any other factors that are relevant to [fulfilling the] purposes and principles of [felony] sentencing."  *Id.*; *see also* R.C. 2929.12(B)-(E).

**{¶ 19}** On review of a felony sentence, an appellate court may vacate or modify the sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under the relevant statutes," or that the sentence "is otherwise contrary to law."[1]   *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231, ¶ 1; *see also* R.C. 2953.08(G)(2).   A sentence "is not contrary to law [if it falls] within the statutory range [and the trial court] expressly state[s] that it * * * considered the purposes and principles of sentencing [under] R.C. 2929.11 [and] 2929.12."   (Citation omitted.)   *State v. Rodeffer,* 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.).

**{¶ 20}** In the first part of her argument, Irwin-Debraux suggests that the "trial court failed to consider the third principle of felony sentencing" under R.C. 2929.11(A).   The court, however, expressly stated in its termination entry that it had "considered the [sentencing] factors under [R.C.] 2929.11, 2929.12 and 2929.13, as well as all other relevant provisions" of the Revised Code.   Termination Entry 1.   Furthermore, although the court did not refer explicitly to the prospect of Irwin-Debraux's rehabilitation in its remarks at her sentencing hearing, the court did state its reasons for imposing nearly the maximum aggregate sentence.   *See* Transcript of Proceedings 8:10-11:17; *see also* R.C. 2929.14(A)(1), (3) and (4).   The court thus indicated with equal clarity, albeit by implication, why it determined that less stringent sanctions would have been

---

[1] Irwin-Debraux cites *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, for her assertion that "the trial court's [sentencing] decision [should] be reviewed under [the] abuse-of-discretion standard."   *See* Appellant's Brief 3.   The *Kalish* decision was abrogated nearly four years ago.   *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 6-7.

inappropriate.

{¶ 21} In the second part of her argument, Irwin-Debraux characterizes her aggregate sentence as "excessively harsh to the point of being cruel and unusual punishment." Appellant's Brief 11. Yet, she has not cited any evidence, let alone clear and convincing evidence, demonstrating that the record does not support the sentences imposed by the court, and the sentences themselves were within the ranges authorized by R.C. 2929.14(A)(1), (3) and (4). The essence of Irwin-Debraux's argument is that the trial court "disregarded the mitigating evidence in an arbitrary way" and "did not appropriately consider all relevant statutory factors," but a trial court may determine the relative weight to be accorded the various sentencing factors set forth in R.C. 2929.12(B)-(E). *See, e.g.*, *State v. Bynum*, 3d Dist. Shelby No. 17-18-20, 2019-Ohio-3139, ¶ 11; *see* Appellant's Brief 8-9. Regardless of whether the trial court could have sentenced Irwin-Debraux less stringently, the sentences themselves were not contrary to law, and the court accurately cited to the record in support of its findings.

{¶ 22} Additionally, Irwin-Debraux argues that the trial court erred by failing to conduct a proportionality review. Appellant's Brief 7-8. She did not raise this argument before the trial court, and it consequently has been waived. *State v. Forney*, 2d Dist. Champaign No. 2012-CA-36, 2013-Ohio-3458, ¶ 20-22; *State v. Howard*, 7th Dist. Mahoning No. 15 MA 0031, 2016-Ohio-3246, ¶ 13-14. Irwin-Debraux's second assignment of error is overruled.

### III. Conclusion

{¶ 23} In the absence of the findings required by R.C. 2929.14(C)(4), the trial court erred by ordering that Irwin-Debraux serve her term in prison for grand theft of a motor

vehicle consecutively to her term in prison for involuntary manslaughter. The record otherwise supports the trial court's sentencing determinations, and the prison terms imposed by the court were within statutory limits. Therefore, the case is remanded to the trial court for resentencing consistent with this opinion; otherwise, Irwin-Debraux's convictions are affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Jans
Matthew M. Suellentrop
Hon. Michael W. Krumholtz