[Cite as *State v. Anderson*, 2012-Ohio-957.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee            :      C.A. CASE NO. 24657

vs.                                    :      T.C. CASE NO. 10CR1954

JACK ANDERSON                          :      (Criminal Appeal from
                                    Common Pleas Court)
    Defendant-Appellant           :

. . . . . . . . .

O P I N I O N

Rendered on the 9th day of March, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Carley J. Ingram, Asst. Pros. Attorney, Atty. Reg. No. 0020084, P.O. Box 972, Dayton, OH  45422

    Attorney for Plaintiff-Appellee

Christopher B. Epley, Atty. Reg. No. 0070981, 124 East Third Street, Suite 300, Dayton, OH 45402
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1}  Defendant, Jack Anderson, entered pleas of guilty to two counts of non-support of his dependents in violation of R.C. 2919.21(B), which are felonies of the fourth degree. The trial court sentenced Defendant to five years of community control sanctions, including requirements that Defendant make regular child support payments and pay restitution on the

accrued arrearage, attend the Seek Work Opportunities Program (SWOP) until employed, attend Non-Support Court, and be placed on "No Breaks" status. Defendant was advised at the time of sentencing that if he violated the terms of his community control he could be sentenced to a prison term of eighteen months on each count, to be served consecutively.

{¶ 2} On February 4, 2011, a notice of community control revocation was filed alleging that Defendant had violated the terms of his community control by failing to pay any child support since being granted community control, by failing to attend Non-Support Court, by failing to attend the SWOP program, and by absconding and failing to report to his probation officer. Following a hearing on May 9, 2011, the trial court found that Defendant violated the terms of his community control. The trial court revoked Defendant's community control and sentenced him to consecutive prison terms of eighteen months on each count, for a total sentence of thirty-six months.

{¶ 3} Defendant timely appealed to this court from the trial court's decision revoking his community control and sentencing him to thirty-six months in prison. Defendant's appellate counsel has filed an *Anders* brief, *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493 (1967), stating that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 4} Defendant's appellate counsel has identified two possible issues for appeal.

FIRST ASSIGNMENT OF ERROR

{¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REVOKED APPELLANT'S PROBATION."

{¶ 6} In *State v. Lewis*, 2d Dist. Montgomery No. 23505, 2010-Ohio-3652 at ¶11, 12, 15, 21, we stated:

"The right to continue on community control depends upon compliance with community control conditions and is a matter resting within the sound discretion of the court. Accordingly, we review the trial court's decision to revoke a defendant's community control for an abuse of discretion." *State v. Jackson,* Montgomery App. No. 23458, 2010–Ohio–2836, ¶ 56, internal citations omitted. "Abuse of discretion has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.,* internal citations omitted.

"Because a community control violation hearing is not a criminal trial, the State need not prove a violation beyond a reasonable doubt. *State v. Cofer,* Montgomery App. No. 22798, 2009–Ohio–890, ¶ 12. 'The State need only present substantial evidence of a violation of the terms of a defendant's community control.' *Id.*" *State v. Brandon,* Montgomery App. No. 23336, 2010–Ohio–1902, ¶ 17.

\*   \*   \*

"R.C. 2929.15(B) provides a trial court with three options if an offender violates a condition or conditions of community control. *State v. Belcher,*

Lawrence App. No. 06CA32, 2007–Ohio–4256, ¶ 20. These are: (1) extend the terms of the community control sanction, (2) impose a prison term that does not exceed that prison term specified by the court at the offender's sentencing hearing; or (3) impose a stricter community control sanction. R.C. 2929.15(B)." *State v. Palacio,* Ottawa App. No. OT–07–015, 2008–Ohio–2374, ¶ 8. A trial court's choice of sanction under R.C. 2929.15(B), where the defendant has violated the conditions of community control, is subject to review on appeal under an abuse of discretion standard. Id.; State v. Wolfson, Lawrence App. No. 03CA25, 2004–Ohio–2750, ¶ 8.

\* \* \*

The Supreme Court has recognized that R.C. 2929.15(B) affords a trial court "a great deal of latitude in sentencing the offender" for violations of the conditions of community control. *State v. Brooks,* 103 Ohio St.3d 134, 814 N.E.2d 837, 2004–Ohio–4746, ¶ 20. "R.C. 2929.15(B) requires the court to consider both the seriousness of the original offense leading to the imposition of community control and the gravity of the community control violation." *Id.*

{¶ 7} The testimony of Defendant's probation officer, Donnie Anderson, and Defendant's own admissions at the revocation hearing, support the trial court's findings that the State proved that Defendant violated his community control by failing to attend the SWOP program, failing to verify his employment, making only one fifty dollar payment toward his child support since being put on community control, failing to report for Non-Support Court on November 15, 2010, and thereafter failing to report to his probation officer until after he

was arrested on an absconder warrant in February 2011. Defendant complained at the revocation hearing that his probation officer did not adequately explain to him what he was supposed to do on community control and that he has difficulty reading and writing. The evidence demonstrates that Defendant graduated from Miamisburg High School and is a ASE certified master auto mechanic. The trial court found that this is Defendant's third or fourth non-support case, and that his testimony "has no credibility whatsoever."

{¶ 8} We find no arguable merit in a contention that the trial court abused its discretion in finding that Defendant violated the terms of his community control.

SECOND ASSIGNMENT OF ERROR

{¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED APPELLANT TO 36 MONTHS AT THE CORRECTIONS RECEPTION CENTER."

{¶ 10} Defendant argues that the trial court abused its discretion when it imposed as a penalty for the violation of Defendant's community control, consecutive prison terms, rather than one of the other less severe sanctions available for community control violations, such as extending the term of community control or imposing stricter community control sanctions. R.C. 2929.15(B). The Ohio Supreme Court has recognized that R.C. 2929.15(B) affords a trial court a great deal of latitude in sentencing the offender for violations of community control, and requires the court to consider both the seriousness of the offense leading to community control and the gravity of the community control violation. *Brooks*. In that regard, the trial court noted that this is Defendant's third or fourth felony non-support case, and the court stated:

Your conduct is beyond egregious. For various periods of time I've

been responsible for the non-support docket all told for about three years, and this is the most egregious circumstance I have ever seen where someone who has no excuse whatsoever makes a choice not to support his children and apparently would prefer to be in prison rather than make the effort to support his children.

{¶ 11} In *State v. Jeffrey Barker*, 2nd Dist. Montgomery No. 22779, 2009-Ohio-3511, at ¶36-37, we wrote:

The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis,* 109 Ohio St.3d 54, 846 11 N.E.2d 1, 2006-Ohio-855, at ¶37.

When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id.*

{¶ 12} The trial court stated that it had considered the purposes and principles of sentencing, R.C. 2929.11, and the seriousness and recidivism factors, R.C. 2929.12. It is also clear that the court reviewed Defendant's presentence investigation report from this case. The court heard oral statements from Defendant's counsel, and informed Defendant about post release control requirements. We further note that the eighteen month sentence the court imposed on each offense is within the authorized range of available punishments for a felony of the fourth degree, R.C. 2929.14(A)(4), and Defendant was told when the sanctions were imposed that the terms could be served consecutively. Defendant's sentence is not contrary to law.

{¶ 13} With respect to the severity of the sentence, this was the third or fourth time Defendant has been convicted of non-support of his children. Defendant has served time in prison on those previous offenses. Defendant has job skills and is not incapable of being employed. He offers no legitimate excuse for not supporting his children. Rather, he chooses to go to prison rather than work and support his children. Defendant's criminal history suggests that he is likely to commit future crimes. R.C. 2929.12(D)(2), (3), and (5).

{¶ 14} The overriding purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). The trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A). We find no arguable merit in a contention that the trial court abused its discretion in imposing consecutive eighteen month sentences in this case.

{¶ 15} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings

and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.

DONOVAN, J., And HALL, J., concur.

Copies mailed to:

Carley J. Ingram, Esq.
Christopher B. Epley, Esq.
Jack Anderson
Hon. Mary Katharine Huffman