[Cite as *State v. Hatcher*, 2018-Ohio-4348.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-88 |
| | : | |
| v. | : | Trial Court Case Nos. 2015-CR-426 & |
| | : | 2017-CR-204 |
| CHRISTOPHER HATCHER | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of October, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
  Attorney for Plaintiff-Appellee

JOE CLOUD, Atty. Reg. No. 0040301, 3973 Dayton-Xenia Road, Beavercreek, Ohio 45432
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** This matter is before the Court on the October 25, 2017 Notices of Appeal of Christopher Hatcher. In Clark County Common Pleas Case No. 2015-CR-426, Hatcher was sentenced to 12 months for violating the terms of his community control sanctions, and in Case No. 2017-CR-204, Hatcher was sentenced to 18 months for possession of cocaine. The 18-month sentence was ordered to be served consecutively to the 12-month sentence.

**{¶ 2}** Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Hatcher represents that he has found no potentially meritorious issues for review. This Court granted Hatcher an opportunity to file his own brief, pro se, assigning any errors for our review, and he has not done so. The State also did not file a brief in response to Hatcher's appeal. Pursuant to *Anders*, we have performed our duty to independently review the entire record, and we have found no potential assignments of error having arguable merit.

**{¶ 3}** In Case No. 2015-CR-426, Hatcher was indicted on August 17, 2015, on one count of possession of cocaine (more than five grams but less than ten grams), in violation of R.C. 2925.11(A), a felony of the fifth degree. Hatcher's pre-sentence investigation report provided Hatcher's version of events relative to the offense:

> * * * "Got pulled over speeding. On Moorefield Road. The officer searched an[d] found the coc [sic] in my shoe."
>
> The defendant stated that he had used marijuana earlier in the day and that is why the vehicle smelled of marijuana. The defendant denied using marijuana in the vehicle. The defendant stated that the drugs that

were found on him were for his personal use. The defendant stated that he had that amount on him because it was close to Memorial Day weekend. The defendant admitted to this officer that he has sold drugs in the past, but had not sold drugs since he had gotten in trouble for that earlier. The defendant stated that he is currently trying to get on the right track and to stay on the right track. The defendant stated that he is trying to stay out of trouble for his kids.

{¶ 4} In exchange for his guilty plea on November 10, 2015, the State reduced the amount of the drug involved in the offense to less than five grams and agreed to recommend community control sanctions. On December 3, 2015, the court sentenced Hatcher to five years of community control. A numbered list of the conditions of his community control sanctions was attached to Hatcher's Judgment Entry of Conviction. The judgment entry provided: "Violation of any part of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of twelve (12) months."

{¶ 5} On January 11, 2017, the affidavit of probation officer Joshua Hunt was filed, averring that Hatcher violated his community control sanctions as follows:

1. The defendant tested positive for Alcohol on December 08, 2016.

2. The defendant tested positive for marijuana on November 16, 2016 and December 28, 2016.

3. The defendant failed to show for scheduled office visit at the probation department on December 07, 2016.

4. The defendant failed to seek employment as directed.

5. The defendant has failed to make regular payments toward his court

costs, fees and or court fine.

6. The defendant has failed to comply with recommended treatment at McKinley Hall.

This is a violation of the Defendant's rules and regulations of Community Control being rules 12F, 7, 5, 2, 12C and 12B.

**{¶ 6}** An arraignment was held on January 26, 2017, and Hatcher denied committing the violations. He also waived a probable cause hearing. Hatcher was released on his personal recognizance until a hearing on the merits occurred on March 27, 2017.

**{¶ 7}** At the hearing, Hatcher acknowledged that he received a copy of the January 11, 2017 affidavit. Hatcher identified admissions signed by him indicating that he tested positive for alcohol on December 8, 2016, and tested positive for marijuana on November 16, 2016. Hatcher admitted that he failed to appear for a scheduled appointment at the probation department on December 7, 2016. Hatcher stated that, since he was placed on community control more than a year earlier, he had submitted four or five applications for work and was denied jobs. He stated that he did "tree work" on the side but did not produce proof of employment. He stated that he worked at Dole from January 26, 2017 to February 8, 2017, and identified a Dole pay stub. Hatcher acknowledged that he did not provide any documentation regarding his employment to the probation department. Hatcher stated that he had been working at Fry's Lumber Service for two months prior to the hearing, but he did not provide proof of payment. When asked if he made regular payments toward his court costs, fees and fine, he responded that he "kind of like paid in spurts, not really like regular, just like when I had the extra money to come down and pay,

I did." Hatcher testified that he made payments on January 12, January 24, and March 22, 2017. Hatcher identified a certificate of completion for the Criminal Justice Program at McKinley Hall.

{¶ 8} At the conclusion of the hearing, the court determined that Hatcher had violated his community control sanctions, and the court set the matter for disposition. Specifically, the court found that Hatcher violated rules No. 1, No. 2, No. 3, No. 4, and No. 6.

{¶ 9} On April 10, 2017, in Case No. 2017-CR-204, Hatcher was indicted on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), and one count of possession of cocaine (greater or equal to ten grams but less than twenty grams), in violation of R.C. 2925.11(A), both felonies of the third degree. On April 21, 2017, Hatcher entered pleas of not guilty in Case No. 2017-CR-204.

{¶ 10} On August 22, 2017, in Case No. 2017-CR-204, Hatcher pled guilty to possession of cocaine, with the amount of the drug involved amended to be more than five grams but less than ten grams, thereby reducing the offense to a fourth degree felony. The trafficking count was dismissed. The State put the following facts on the record:

> November 5, 2016, at Clark County Ohio, the Defendant Christopher Hatcher turned east on Columbia Street and, in doing so, did not turn into the closest lane so the vehicle entered the center lane. The vehicle quickly crossed one or more lanes without signaling. Officers initiated a traffic stop. The defendant quickly ran up to the front porch of 615 West Columbia Street. The defendant ran into the house at 615 West Columbia and the officers followed in hot pursuit. The defendant was apprehended

inside after a brief struggle.

During the search incident to arrest for obstructing official business, officers located $2,096 in U.S. currency in the right front pants pocket of the defendant. K-9 alerted to the vehicle. Officers located two bags of cocaine and an electronic scale. Cocaine was found to contain 4.41 grams and 5.65 grams of cocaine respectfully. During a hearing on the 15-CR-426 case, the defendant indicated that the proceeds that were seized in the 17-CR-0204 case was from ill-gotten gains.

Hatcher agreed to forfeit the $2,096.

{¶ 11} The following exchange occurred at the plea hearing:

THE COURT: Do you understand that you are on community control, this conviction would be a violation of your community control; and for that violation, you could get 12 months in prison in the 15-CR- case. That could be ordered consecutive to the maximum term listed, which would be 18 months, or a total maximum penalty of 30 months in prison.

Do you understand that?

* * *

DEFENDANT: Yes, sir.

{¶ 12} On September 8, 2017, Hatcher filed sentencing memorandums in both cases, attached to which were "recent contracts that Defendant has completed working for his tree service. His work has become renowned enough that he is gaining business in surrounding areas as these contracts indicate."

{¶ 13} On September 13, 2017, the trial court sentenced Hatcher to 18 months in

Case No. 2017-CR-204, to be served consecutively with the sentence in Case No. 2015-CR-426.

**{¶ 14}** As noted above, the court sentenced Hatcher to a prison term of 12 months in the 2015 case, to be served prior to and consecutively to a term of 18 months imposed in the 2017 case. The judgment entries of conviction in each case provide as follows:

The court has considered the record, oral statements, the purposes and principles of sentencing under R.C. § 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. § 2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution and the sentencing guidelines contained in R.C. 2929.13. The Court is guided by the overriding purposes of felony sentencing, including protection of the public from future crime by the offender and others and punishment of the offender, using the minimum sanctions that the court determines will accomplish those purposes without imposing an unnecessary burden on state or local government resources.

The court further finds that, after considering the factors set forth in R.C. §2929.12, a prison term is consistent with the purposes and principles of sentencing set forth in R.C. §2929.11 and the defendant is not amendable to an available community control sanction.

The court further finds that a combination of community control sanctions would demean the seriousness of the defendant's conduct and its impact on the victim and that a prison sentence does not place an unnecessary burden on the state governmental resources.

The court finds that consecutive service is necessary to protect the public from future crime or to punish the defendant and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public, and the Court also finds the offender committed one or more of the multiple offense while the offender was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code and the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 15} Finally, the court advised Hatcher regarding post-release control in each case and ordered him to pay court costs.   In the 2017 case, the court ordered as follows:

The Springfield Police Department has in its possession property belonging to the defendant, to-wit: $2,096.00.   The Court finds that this constitutes proceeds derived from or acquired through the commission of an offense, and are therefore subject to forfeiture pursuant to Chapter 2981 of the Revised Code.   The Clerk shall seize this property for distribution to the law enforcement agencies responsible for the arrest and prosecution of the defendant, to-wit:   $1,048.00 to the Clark County Prosecutor's Office and $1,048.00 to the Springfield Police Department.

{¶ 16}  On September 22, 2017, in the 2017 case, the court filed an "Amended Nunc Pro Tunc Judgment Entry of Conviction Warrant for Removal" to correct the amount of jail time credit awarded in its previous judgment entry.

{¶ 17} Hatcher's "Criminal Docket Statement" filed in each of his appeals

delineates the following probable issue for review: "Abuse of discretion re: sentencing." Counsel for Hatcher asserts that a potential "assignment of error might exist relating to due process, because the record does not reflect that the defendant received a written statement by the fact finder as to the evidence relied upon and the reasons for revoking community control."

{¶ 18} The following is well-settled:

"The right to continue on community control depends upon compliance with community control conditions and is a matter resting within the sound discretion of the court. Accordingly, we review the trial court's decision to revoke a defendant's community control for an abuse of discretion. Abuse of discretion has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Internal citations omitted.) *State v. Lewis*, 2d Dist. Montgomery No. 23505, 2010-Ohio-3652, ¶ 11.

A defendant is entitled to due process when his community control is revoked as the result of a violation of a condition imposed on that control. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). "The due process rights which must be observed in a community control revocation hearing are: (1) written notice of the claimed violations of community control; (2) disclosure of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written

statement by the fact finder as to the evidence relied upon and the reasons for revoking community control." (Internal citations omitted.) *State v. Cunningham*, 2d Dist. Clark Nos. 2014-CA-99, 2014-CA-100, 2015-Ohio-2554, ¶ 11.

"[C]ommunity control revocation proceedings are not the same as a criminal trial, and a revocation of community control punishes the failure to comply with the terms and conditions of community control, not the specific conduct that led to the revocation." *State v. Black*, 2d Dist. Montgomery No. 24005, 2011-Ohio-1273, ¶ 17. Upon revoking community control, the trial court may (1) lengthen the term of the community control sanction; (2) impose a more restrictive community control sanction; or (3) impose a prison term on the offender, provided that the prison term is within the range of prison terms available for the offense for which community control had been imposed and the term does not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing. R.C. 2929.15(B).

*State v. Shumway*, 2d Dist. Montgomery No. 2017-CA-51, 2018-Ohio-1227, ¶ 10-12.

{¶ 19} We conclude that this potential assignment of error is meritless. Hatcher acknowledged that he received the affidavit delineating his alleged community control violations, and he admitted to testing positive for drugs and alcohol and to missing an appointment at the probation office. Other than the pay stub from Dole, Hatcher failed to provide proof that he sought employment as directed, and he admitted to making payments toward his fines and costs "in spurts" and not regularly. In other words, he

was aware of the evidence relied upon and the reasons for revoking community control. *See State v. Hill*, 2d Dist. Montgomery No 7301, 1982 WL 3811, *2 (holding that the requirement of a written statement is met by advising "the probationer at the hearing itself, with particularity, of the evidence and the reasons for revocation, and ascertain[ing] that the announced revocation rationale is transcribed for the record.") Hatcher's hearing was transcribed, and the court entered a written judgment. The record reflects that Hatcher received the due process to which he was entitled.

{¶ 20} Counsel for Hatcher concludes that "[n]o abuse of discretion can be argued in case 15-CR-426 since the court complied with the applicable case law and statutory procedure. Therefore, an appeal is without merit and is spurious." We agree.

{¶ 21} As this Court has previously noted:

A trial court has full authority to impose any authorized sentence, and the sentencing court is not required to articulate its findings or set forth its reasons for imposing a particular sentence. *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, the sentencing court must consider the R.C. 2929.11 and 2929.12 sentencing factors. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

Felony sentences are reviewed in accordance with R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 516. Based upon the plain language of R.C. 2953.08(G)(2) "an appellate court may vacate or modify a felony sentence on appeal only if it

determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but whether [the appellate court] clearly and convincingly find[s] that the record fails to support the trial court's findings. *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 17.

*State v. Skapik*, 2d Dist. Champaign No. 2017-CA-16, 2018-Ohio-2661, ¶ 8-9.

{¶ 22} Pursuant to R.C. 2929.14(C)(4):

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of

the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 23} Hatcher was sentenced to 12 months in the 2015 case, which was within the statutory range for a felony of the fifth degree. R.C. 2929.14(A)(5). His sentence in the 2017 case was within the statutory range for a felony of the fourth degree. R.C. 2929.14(A)(4). " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum * * * sentences.' *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.)." *State v. Ferguson*, 2017-Ohio-7930, 98 N.E.3d 987, ¶ 77 (2d Dist.). The court indicated that it considered the principles and factors in R.C. 2929.11 and 2929.12. Finally, the court made the requisite findings to impose consecutive sentences. We conclude that the sentences are neither contrary to law nor clearly and convincingly unsupported by the record.

{¶ 24} Having performed our duty pursuant to *Anders,* and for the forgoing reasons, we conclude that Hatcher's appeal is wholly frivolous. The trial court's judgment is affirmed.

. . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.


Copies sent to:

Andrew P. Pickering
Joe Cloud
Christopher Hatcher
Hon. Richard J. O'Neill