[Cite as *State v. Diehl*, 2019-Ohio-3818.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                           Court of Appeals No. WD-18-041

    Appellee                                       Trial Court No. 2012CR0145

v.

Amanda Diehl, aka Ter Doest            **DECISION AND JUDGMENT**

    Appellant                                      Decided: September 20, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Thomas P. Kurt, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Amanda Ter Doest, n.k.a. Diehl, appeals from the May 21, 2018

judgment of the Wood County Court of Common Pleas, which revoked appellant's

community control sanction imposed January 16, 2013, and sentenced her to two 18-

months terms of imprisonment and one 12-month term of imprisonment, to be served consecutively, for an aggregate term of 48 months in prison. For the reasons which follow, we reverse in part and affirm in part.

{¶ 2} Appellant sets forth two assignments of error:

I. The trial court erred in imposing consecutive prison sentences without making the findings required by Ohio Revised Code § 2929.14(C)(4) at the time of the imposing sentence.

II. The trial court erred in refusing to consider the mitigating evidence of appellant's gambling compulsion, in violation of Ohio Revised Code § 2929.12(C)(4).

**Standard of Review**

{¶ 3} Because the imposition of the penalty for a community control violation is considered a new sentence, we hold that our standard of review of this new sentence is limited by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. Haddox*, 2016-Ohio-3368, 66 N.E.3d 262, ¶ 31-32 (6th Dist.). *Accord State v. Catron-Wagner*, 8th Dist. Cuyahoga No. 106887, 2019-Ohio-153, ¶ 34; *State v. Bishop*, 12th Dist. Clermont No. CA2018-05-031 and CA2018-05-036, 2019-Ohio-592, ¶ 8; *State v. Hatcher*, 2d Dist. Clark No. 2017-CA-88, 2018-Ohio-4348, ¶ 21; and *State v. Cozzone*, 2018-Ohio-2249, 114 N.E.3d 601, ¶ 17 (11th Dist.) (applying the R.C. 2953.08(G)(2) standard of review). *State v. Conte*, 9th Dist. Summit No. 28868, 2018-Ohio-4688, ¶ 6; *Compare State v. Hatton*, 2d Dist. Montgomery No. 25959, 2014-

2.

Ohio-3354, ¶ 21; *State v. Anderson*, 2d Dist. Montgomery No. 24657, 2012-Ohio-957, ¶ 6; *State v. Cofer*, 2d Dist. Montgomery No. 22798, 2009-Ohio-890, ¶ 16 (applying an abuse of discretion standard).

{¶ 4} Finding that our holding is in conflict with other appellate districts, we hereby certify the record in this case to the Supreme Court of Ohio for review and final determination of this issue.

{¶ 5} R.C. 2953.08(G) provides that an appellate court

* * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under [R.C. 2929.13 (B) or (D), 2929.14(B)(2)(e) or (C)(4), 2929.20(I)], whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**Background**

{¶ 6} In 2013, the original sentencing court acceptance appellant's guilty pleas and convicted appellant of three felony offenses: two counts of grand theft (both fourth-degree felonies) and one count of theft (a fifth-degree felony). The trial court found a prison term was not an option because appellant did not have a prior offense. Therefore,

3.

at the sentencing hearing and in its January 16, 2013 journal entry, the court ordered appellant to serve "community control for a period of five years." Furthermore, the court ordered appellant to serve 60 days on a work-release program and pay restitution to the victim, her previous employer. Furthermore, the court gave notice to appellant that the court would "reserve" 18 months on each of appellant's grand theft charges and 12 months on appellant's theft charge "to be served consecutively for a total of 48 months if she violated the terms of community control. Before notifying appellant that the trial court would order the "reserved" terms to be served consecutively, the trial court failed to make any of the findings required to impose consecutive sentences pursuant to R.C. 2929.14(C)(4). Appellant did not appeal her sentence.

{¶ 7} Over the next few years, the Wood County Adult Probation Department filed several petitions seeking revocation of appellant's community control for failure to make timely restitution payments and committing theft from another employer. Each time, the trial court continued appellant's community control. A final petition, which led to the current appeal, was filed on October 17, 2017, alleging two violations of the conditions of her community control sanctions. The first violation was based on the fact that appellant had been charged with one count of grand theft of $70,000 and twelve counts of forgery involving another employer. The second violation was that she had only paid $27,160.12 toward the $99,935 of restitution she was ordered to pay in 2013. At the revocation hearing held on January 5, 2018, appellant admitted to the violations and that her absence of nine months had stayed the expiration of her community control sanctions.

4.

{¶ 8} Appellant was sentenced for the community control violations on May 18, 2018. At the sentencing hearing, appellant asserted the trial court should continue her community control because her recent crimes were due to a gambling compulsion.

{¶ 9} Prior to sentencing appellant, the trial court noted it had reviewed the 2012 presentence investigation report, which had not indicated a gambling addiction. The trial court also stated it had considered the overriding principles of felony sentencing, R.C. 2929.11, and the seriousness and recidivism factors, R.C. 2929.12. The trial court also considered appellant's actions which led to the violations of her community control sanctions and her newly-asserted gambling addiction. The trial court concluded that because appellant had stolen significant sums from two additional employers while on community control, the community control sanctions had not been successful in rehabilitating her and that the harm she caused was "so great and unusual" that consecutive sentences were necessary to protect the public. However, the trial court failed to find that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, R.C. 2929.14(C)(4). Nonetheless, the court imposed prison term penalties for the violation of each community control sanction, consisting of 18 months (Count 1), 18 months (Count 2), and 12 months (Count 3), to be served consecutively, for a total of 48 months. Appellant filed a timely notice of appeal.

**First Assignment of Error**

{¶ 10} In the case before us, the appellant asserts in her first assignment of error the trial court failed to comply with R.C. 2929.14(C)(4) because it failed to make all the

5.

findings necessary to impose consecutive terms of imprisonment as penalties for the violation of the community control sanction.

{¶ 11} Before we can address the issue of whether the penalties imposed in this case were contrary to law and/or whether the R.C. 2929.14(C)(4) findings were supported by the record, we must first review the law regarding sentencing an offender to multiple community control sanctions and imposing penalties for the violation of those sanctions.

**Multiple Community Control Sanctions and Penalties for Violations**

{¶ 12} When a community control sanction is imposed as a sentence for a conviction, the trial court must also provide the offender with notice that if the conditions of the community control sanction is violated, the court may impose a prison term as a penalty and the court must notify the offender of the specific prison term which the court could impose. R.C. 2929.19(B)(4). The specific prison term is determined by considering the range of prison terms allowed under R.C. 2929.14. R.C. 2929.19(B)(4). When multiple sanctions of community control are imposed for multiple convictions, the sentencing court must also determine if consecutive prison terms are an appropriate penalty for a violation of the multiple community control sanctions. R.C. 2929.41; *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, ¶ 13-14. While the imposition of consecutive sentences is a discretionary decision, and not a mandatory sentencing provision, *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 27, the Ohio Supreme Court has held the imposition of consecutive sentences without making the findings required by R.C. 2929.14(C)(4) is "contrary to law." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

6.

{¶ 13} Imposing a penalty for violation of a community control sanction is authorized by R.C. 2929.13(B)(1)(d) and controlled by R.C. 2929.15(B). A community-control-revocation hearing is a sentencing hearing, at which "the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, ¶ 11, quoting *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17, citing *State v. Martin*, 8th Dist. Cuyahoga No. 82140, 2003-Ohio-3381, ¶ 35. The trial court does not merely impose a suspended sentence as was done under the prior probation system. *Jackson* at ¶ 11-13. The Supreme Court of Ohio did not identify the "relevant sentencing statutes," but we interpret this language to include the statutes generally applicable to sentences imposed for felony offenses.

{¶ 14} Instead of imposing a suspended sentence as was previously done, R.C. 2929.15 provides the trial court has the discretion to either continue the community control sanction, impose a more restrictive sanction, or impose a prison term as a penalty. R.C. 2929.15(B)(1). Because "community control violations can range from relatively minor to very major and * * * the conditions imposed vary greatly depending upon the facts of each case, R.C. 2929.15(B) gives the trial judge wide discretion when sentencing a violator." *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 21.

{¶ 15} In exercising its discretion, the trial court must "consider both the seriousness of the original offense leading to the imposition of community control and the gravity of the community control violation." *Brooks* at ¶ 20. Unlike the prior system of probation, there is no predetermined penalty. *Jackson* at ¶ 13-14. The trial court's

7.

focus must be on the violation of community control, not the original conviction. *State v. Alexander*, 4th Dist. Lawrence No. 98CA29, 1999 WL 624543, *2-3 (Aug. 10, 1999).

{¶ 16} Furthermore, if a prison term is imposed as a penalty, the trial court must impose a definite prison term "within the range of prison terms" permitted under R.C. 2929.14. R.C. 2929.15(B) (1)(c) and (3). Furthermore, the term can be no greater than the ceiling prison term specified in the notice given at the original sentencing hearing pursuant to R.C. 2929.19(B)(4) as the term the court could impose for a violation of the community control sanction. R.C. 2929.15(B)(3); *Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, at ¶ 22 (applying former R.C. 2929.19(B)(5)); *State v. Thompson*, 6th Dist. Wood No. WD-06-034, 2007-Ohio-2665, ¶ 27. If the trial court failed to give notice of a specific prison term, it cannot impose a prison term for the violation of the community control sanction. *Brooks* at ¶ 33. Furthermore, the court cannot order multiple penalties for violations of multiple community control sanctions to be served consecutively unless the offender had been given prior notice of this potential sentence for the violations. *Barnhouse*, 102 Ohio St.3d, 2004-Ohio-2492, 808 N.E.2d 874, at ¶ 13.

### Application of the Law to the Facts of this Appeal

{¶ 17} In this case, it is clear that the trial court at the original sentencing hearing did not make any of the required findings to impose consecutive prison terms as a penalty for the violations of the multiple community control sanctions and, therefore, the notice of the specific prison term was contrary to law to this extent. Therefore, the trial court could not impose consecutive prison terms for the later violations of the community

8.

control sanctions.  The issue raised by appellant is, therefore, rendered moot.

Accordingly, we find appellant's first assignment of error well-taken on other grounds.

## Second Assignment of Error

{¶ 18} Appellant argues in her second assignment of error that the trial court did not consider her gambling compulsion as factors of mitigating circumstances, R.C. 2929.12(C)(4), before imposing prison terms for the violations of her community control sanctions.  Appellant contends that she presented "significant" evidence of her gambling problem to the court:  her 2017 diagnosis of a gambling addiction by the Court Diagnostic and Treatment Center; her acceptance into a problem gambling treatment center, her completion of 18 sessions of the program; her six-month key tag from Gambler's Anonymous; and her attorney's statement that appellant had checked herself out of every casino in Ohio.

{¶ 19} Upon a review of the sentencing hearing transcript, we find the trial court did consider appellant's assertion that she had a gambling addiction.  But, the court found that her assertion conflicted with the fact that appellant never claimed a gambling addiction prior to her original sentence in this case.  Furthermore, the court found appellant was a threat to society because she had stolen from two additional employers while on community control.  Therefore, we find the trial court did satisfy its duty under R.C. 2929.12(C) to consider the assertion of mitigating evidence.  Accordingly, appellant's second assignment of error is not well-taken.

{¶ 20} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Wood County Court of

9.

Common Pleas is reversed. This case is remanded to the trial court for resentencing in accordance with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

**Certification of Conflict**

{¶ 21} Pursuant to Ohio Constitution, Article IV, Section 3(B)(4) and App.R. 25, we certify the record in this case to the Ohio Supreme Court for final review and determination because our holding is in direct conflict with the judgment pronounced by *State v. Hatton*, 2d Dist. Montgomery No. 25959, 2014-Ohio-3354, ¶ 21; *State v. Conte*, 9th Dist. Summit No. 28868, 2018-Ohio-4688, ¶ 6; *State v. Anderson*, 2d Dist. Montgomery No. 24657, 2012-Ohio-957, ¶ 6; *State v. Cofer*, 2d Dist. Montgomery No. 22798, 2009-Ohio-890, ¶ 16, regarding the proper standard of review of a sentence imposing a penalty for a violation of a community control sanction.

{¶ 22} The parties are directed to S.Ct.Prac.R. 5.03 and 8.02 for guidance on how to proceed.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.               _____

                                                      JUDGE

Arlene Singer, J.                     

                                                _____

Thomas J. Osowik, J.                           JUDGE
CONCUR.

                                                  _____

                                                      JUDGE

10.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.