[Cite as *State v. Rose*, 2020-Ohio-3605.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-05-054 |
| | : | O P I N I O N |
| - vs - | | 7/6/2020 |
| | : | |
| JEREMY ROSE, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 18CR34932

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Thomas G. Eagle Co., L.P.A., Thomas G. Eagle, 3400 N. State Route 741, Lebanon, Ohio 45036, for appellant

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Jeremy Rose, appeals from the sentence he received in the Warren County Court of Common Pleas following the revocation of his community control. For the reasons set forth below, we affirm his sentence.

{¶ 2} On February 22, 2019, appellant pled guilty to one count of obstructing official business in violation of R.C. 2921.31(A), a felony of the fifth degree, one count of assault in

violation of R.C. 2903.13(A), a misdemeanor of the first degree, and three counts of violating a protection order in violation of R.C. 2919.27(A)(1), felonies of the fifth degree. The charges arose out of appellant's interactions with H.L., the mother of two of his children, despite an order of protection preventing him from having contact with her. On one occasion, appellant went to H.L.'s home, where he had a physical altercation with H.L.'s father.

{¶ 3} On April 3, 2019, the trial court sentenced appellant to five years of community control. Appellant was placed on electronically monitored house arrest and ordered to complete a mental health assessment and follow all recommendations, to refrain from having contact with H.L.'s father, to complete a corrective thinking class and the Batterer's Intervention Program, and to obtain a valid driver's license. Appellant was advised that a violation of the terms of his community control could result in the imposition of a 12-month prison sentence for obstructing official business, a 180-day jail sentence for assault, and 6-month prison sentences for each conviction of violating a protection order. The court informed appellant that each prison term for violating a protection order would be served consecutively to each other and consecutively to the sentence for obstructing official business, for a total prison sentence of 30 months.

{¶ 4} On April 24, 2019, less than a month after sentencing, appellant's probation officer filed a report asserting that appellant had broken four terms of his community control. The probation officer alleged appellant (1) failed to comply with the rules of his electronic monitoring, (2) was found in possession of drug paraphernalia, (3) was found in possession of firearm ammunition, and (4) failed to enroll in the Batterer's Intervention Program as ordered. Appellant denied the violations, and a violation hearing was held on May 8, 2019. After hearing from six witnesses, including appellant and H.L., the trial court found appellant guilty of all charged violations.

{¶ 5} The trial court revoked appellant's community control and sentenced appellant to 12 months in prison for obstructing official business, six months in jail for assault, and six months in prison for each of the three counts of violating a protection order. The six-month jail sentence for assault was run concurrently to the 12-month prison term for obstructing official business. The six-month prison terms for each count of violating a protection order were ordered to be served consecutively to each other and consecutively to the 12-month prison sentence for obstructing official business, for a total prison term of 30 months. At the time the trial court revoked appellant's community control and imposed the consecutive sentences, the court made the consecutive-sentencing findings required by R.C. 2929.14(C)(4). Fifteen days later, on May 23, 2019, the trial court held a resentencing hearing in order to make a finding that the community control violations committed by appellant were not technical in nature.

{¶ 6} Appellant appealed from the revocation of his community control, assigning the following as his only assignment of error:

{¶ 7} THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES ON A COMMUNITY CONTROL VIOLATION.

{¶ 8} In his sole assignment of error, appellant argues that the trial court erred in imposing consecutive prison terms for his violation of community control because "the original sentencing did not include statutory findings required for imposition of consecutive sentences." Appellant contends that when the trial court initially sentenced him on April 3, 2019 to community control and advised him of the prison terms that could be imposed for violating the terms of his community control, the trial court was required, at that time, to make consecutive-sentencing findings. Appellant maintains that because the consecutive-sentence findings were not made at the April 3, 2019 hearing, the trial court could not lawfully impose consecutive sentences upon revoking community control in May 2019.

{¶ 9} In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 29, the Ohio Supreme Court held that "pursuant to R.C. 2929.19(B)[4] and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." The trial court complied with the requirements of R.C. 2929.19(B)(4) and 2929.15(B) at the time it imposed appellant's sentence on April 3, 2019. The court notified appellant that he could face consecutive prison terms if he were to violate his community control. Contrary to appellant's assertions, the court was not required to make the consecutive-sentencing findings at that time. *See State v. Duncan*, 12th Dist. Butler Nos. CA2015-05-086 and CA2015-06-108, 2016-Ohio-5559, ¶ 41-47 (holding that a trial court is required to make the requisite R.C. 2929.14[C][4] consecutive-sentencing findings "not when it sentences a defendant to community control, but when it actually imposes a consecutive prison term" upon revocation of community control); *State v. Howard*, Slip Opinion No. 2020-Ohio-3195, ¶ 24-27 (holding that consecutive prison terms are "not imposed until the trial court revoke[s] [a defendant's] community control," at which time, the R.C. 2929.14[C][4] findings are required to be made). After all, at appellant's April 3, 2019 sentencing, appellant's prison terms "were only potential in nature." *Id.* at ¶ 24.

{¶ 10} As the supreme court has explained, "[f]ollowing a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, *the court sentences the offender anew and must comply with the relevant sentencing statutes*." (Emphasis added.) *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 17. At the new sentencing hearing, the court has the discretion to impose the prison term it previously notified the offender of, to impose a shorter prison term, or to impose no prison term at all. R.C. 2929.15(B); *Howard* at ¶ 25. If the court decides to impose a prison term for a violation

of community control, the prison term must comply with R.C. 2929.14. *See* R.C. 2929.15(B)(1)(c); *State v. Glenn*, 12th Dist. Butler No, CA2019-05-088, 2020-Ohio-2880, ¶ 12. "R.C. 2929.14(C)(4) becomes relevant when 'multiple prison terms *are imposed.*'" (Emphasis sic.) *Howard* at ¶ 27, citing R.C. 2929.14(C)(4). Where a court chooses to impose a prison term for multiple offenses after revoking a defendant's community control, "R.C. 2919.14(C)(4) require[s] the court to make the required consecutive-sentencing findings *at that time.*" (Emphasis added.) *Id.* at ¶ 25. After all, a prison term is "not imposed until the trial court revoke[s] [the offender's] community control." *Id.* at ¶ 27.

{¶ 11} Accordingly, as the consecutive-sentencing findings were not required to be made until the trial court revoked appellant's community control and imposed consecutive sentences for the community control violations, we find no merit to appellant's argument that consecutive-sentencing findings were required to be made at the April 3, 2019 hearing. Based on this court's decision in *Duncan* and the Ohio Supreme Court's decision in *Howard*, we decline appellant's invitation to adopt the Sixth District Court of Appeals' holding in *State v. Diehl*, 6th Dist. Wood No. WD-18-041, 2019-Ohio-3818.[1] Furthermore, as appellant does not dispute and the record reflects that the court made the necessary R.C. 2929.14(C)(4) consecutive-sentencing findings at the May 8, 2019 revocation hearing, we find no error in

---

1. In *State v. Diehl*, 6th Dist. Wood No. WD-18-041, 2019-Ohio-3818, the Sixth District Court of Appeals reversed a trial court's imposition of consecutive sentences upon the revocation of a defendant's community control. The court determined that the trial court was required to make consecutive sentencing findings at the initial sentencing hearing, even though the defendant was being placed on community control at that time. The Sixth District stated, in relevant part, that

> the trial court at the original sentencing hearing did not make any of the required findings to impose consecutive prison terms as a penalty for the violation of the multiple community control sanctions and, therefore, the notice of the specific prison term was contrary to law to this extent. Therefore, the trial court could not impose consecutive prison terms for the later violations of the community control.

*Id.* at ¶ 17. The state appealed the Sixth District's decision to the Ohio Supreme Court, who accepted jurisdiction of the case and ordered that the cause be held for the court's decision in *State v. Howard*, Case No. 2018-0376. *See State v. Diehl*, 158 Ohio St.3d 1421, 2020-Ohio-647 (Entry Granting Discretionary Appeal).

the trial court's imposition of consecutive sentences. Appellant's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.