[Cite as *State v. Ter Doest*, 2020-Ohio-4091.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-18-041

    Appellee                                 Trial Court No. 2012CR0145

v.

Amanda Ter Doest, nka Amanda Diehl        **DECISION AND JUDGMENT**

    Appellant                                Decided:  August 14, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, David T.
Harold and James A. Hoppenjans, Assistant Prosecuting Attorneys,
for appellee.

Thomas P. Kurt, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This matter is before the court on remand from the Ohio Supreme Court.

This case was originally before this court on appeal from the May 21, 2018 judgment of

the Wood County Court of Common Pleas, which revoked appellant's, Amanda

Ter Doest, nka Diehl's, community control sanction imposed January 16, 2013, and

sentenced her to two 18-months terms of imprisonment and one 12-month term of imprisonment, to be served consecutively, for an aggregate term of 48 months in prison. *State v. Diehl/Ter Doest*, 6th Dist. Wood No. WD-18-041, 2019-Ohio-3818.

{¶ 2} In her first assignment of error, appellant argued the trial court erred in imposing consecutive prison sentences without making the findings required R.C. 2929.14(C)(4). Following the precedent of *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, ¶ 13, we found that the consecutive sentences findings had to have been made at the initial sentence when the trial court was giving notice of the specific prison term appellant would serve for violating her community control sanctions. *Diehl/Ter Doest* at ¶ 16. Having failed to do so, we found the trial court could not impose consecutive prison terms as penalties for the violations of community control. *Id.* at ¶ 17.

{¶ 3} We certified the case to the Ohio Supreme Court, which reversed our decision and remanded the case for application of *State v. Howard*, Slip Opinion No. 2020-Ohio-3195. In *Howard*, the Ohio Supreme Court held that at the initial sentencing hearing imposing a community control sanction, the court must only notify the defendant of the "specific prison term" that could be imposed for violation of community control, which is the number of months of imprisonment for each count, not whether the trial court could impose consecutive multiple prison terms. *Id.* at ¶ 13. The court further held that the trial court must make the consecutive sentences findings at the time of the revocation/sentencing hearing because the prison terms are not imposed until that time.

2.

*Id*. at ¶ 24-25.

{¶ 4} We now consider whether the trial court sentencing appellant for a violation of her community control sanctions made the necessary findings before imposing consecutive prison terms.

{¶ 5} While the imposition of consecutive sentences is a discretionary decision, and not a mandatory sentencing provision, *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 27, the Ohio Supreme Court has held the imposition of consecutive sentences without making the findings required by R.C. 2929.14(C)(4) is "contrary to law." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The trial court is required to make the findings as mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry, but there is no obligation that the court state any reasons to justify its findings. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252; *Bonnell* at ¶ 24, 37. In addition, the Ohio Supreme Court has stated that "a word-for-word recitation of the language of the statute is not required * * * [so] long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support [its] findings." *Id*. at ¶ 29.

{¶ 6} R.C. 2929.14(C)(4) requires that the trial court make certain findings prior to imposing consecutive sentences. First, the court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender." Second, the court must find that "consecutive sentences are not disproportionate to the seriousness of

3.

the offender's conduct and to the danger the offender poses to the public." *Id*. Last, the court must find that one of the circumstances set forth in R.C. 2929.14(C)(4)(a)-(c) applies.

{¶ 7} The trial court considered appellant's actions which led to the violations of her community control sanctions and her newly-asserted gambling addiction. The trial court concluded that because appellant had stolen significant sums from two additional employers while on community control, the community control sanctions had not been successful in rehabilitating her and that the harm she caused was "so great and unusual" that consecutive sentences were necessary to protect the public.

{¶ 8} However, the trial court failed to find that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, R.C. 2929.14(C)(4). Because the trial court failed to make all of the necessary statutory findings under R.C. 2929.14(C)(4) at the sentencing hearing, the sentence is contrary to law and must be vacated. Accordingly, we find appellant's first assignment of error well-taken.

{¶ 9} In her second assignment of error, appellant asserts that the trial court did not consider her gambling compulsion as factors of mitigating circumstances, R.C. 2929.12(C)(4), before imposing prison terms for the violations of her community control sanctions. In light of our holding as to the first assignment of error and the need for resentencing, we find appellant's second assignment of error is rendered moot.

{¶ 10} Having found that the trial court did commit error prejudicial to appellant

4.

and that substantial justice has not been done, the judgment of the Wood County Court of Common Pleas is vacated. This case is remanded to the trial court for resentencing. All pending motions are found moot. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment vacated<br>
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____

                                                  JUDGE

Arlene Singer, J.         

                                               _____

Thomas J. Osowik, J.                                          JUDGE
CONCUR.

                                               _____

                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.